# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RAKEEM S. MCCLENDON,      )
                           )
          Petitioner,     )
                           )
v.                      )          CV422-199
                           )
SHERIFF JOHN T. WILCHER,   )
                           )
          Respondent.   )

## REPORT AND RECOMMENDATION

*Pro se* petitioner Rakeem S. McClendon has filed the instant petition for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. The Clerk notified McClendon that his Petition was not signed and that he had failed to pay the filing fee or move to proceed *in forma pauperis*. *See* docs. 2 & 3. McClendon has now moved to proceed *in forma pauperis*, doc. 4 at 1-2, and submitted the signature page of his Petition, *id*. at 3. Since he lacks the funds to pay the Court's filing fee, his Motion is **GRANTED**. Doc. 4. The Court, therefore, proceeds to screen the Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

McClendon alleges that he is a pretrial detainee in the custody of the Sheriff of Chatham County, Georgia. *See* doc. 1 at 1. He challenges his continued detention on three grounds. *See id.* at 6. He first asserts that he was denied an opportunity to testify at an unspecified hearing. *Id.* He also alleges that his state-court indictment is defective because it "doesn't have the exact date plus they lied about the crime." *Id.* Finally, he alleges that the indictment is a "nullity," because "there is not any factual proof that [it] was brought back in open court." *Id.* The Petition is absolutely clear that he has not presented his complaints to *any* state court. *See* doc. 1 at 2-3, 5-6.

As a pretrial detainee, a § 2241 petition is the proper means for McClendon to seek release from custody. *See, e.g., Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). The Eleventh

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Circuit has recently explained, however, that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). McClendon's Petition is explicit that he has not presented his complaints in any state proceeding. *See* doc. 1 at 2, 6. Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). McClendon must exhaust all available remedies provided under state law before he can seek relief in this Court. *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019) ("Federal habeas corpus should

not be used as a pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). *See Johnson*, 32 F.4th at 1099 (explaining that an unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no

4

adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger,* 401 U.S. at 45, 53-54).  The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger,* 401 U.S. at 49).

It is clear from the face of McClendon's Petition, therefore, that his claims are unexhausted and barred by *Younger* abstention.  Accordingly, the petition should be **DISMISSED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

   **SO REPORTED AND RECOMMENDED**, this 6th day of September, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA